IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
Knoxville Division

| | |
|---|---|
| IN RE:   ) | |
| ) | |
| Katherine Denise Newby   ) | Case No. 3:23-bk-30022-SHB |
| ) | Chapter 13 |
| ) | |
| Debtor.   ) | |

**U.S. TRUSTEE'S MOTION TO DISMISS WITH A BAR TO REFILING
PURSUANT TO 11 U.S.C. §§ 105(a), 349, AND 1307**

NOTICE OF HEARING

**Notice is hereby given that:**

**A hearing will be held on the U.S. Trustee's Motion to Dismiss with a Bar to Refiling on February 8, 2023, at 9:00 AM, in the United States Bankruptcy Court, Howard H. Baker Jr. U.S. Courthouse, Courtroom 1-C, 800 Market Street, Knoxville, TN 37902.**

<u>**Your rights may be affected.**</u> **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

**If you do not want the court to grant the relief requested, you or your attorney must attend this hearing. If you do not attend the hearing, the court may decide that you do not oppose the relief sought in the U.S. Trustee's Motion to Dismiss and may enter an order granting that relief.**

Comes now, the Acting U.S. Trustee ("UST"), Paul A. Randolph, as a party in interest, by and through his undersigned attorney pursuant to Bankruptcy Rule 1017 and hereby requests the Court to dismiss this case with a bar to refiling pursuant to 11 U.S.C. §§ 105(a), 349(a), and 1307.  Further, the UST request the Court to bar KATHERINE DENISE NEWBY (the "Debtor") from filing another bankruptcy case in any federal district under Title 11 of the United States Code for a period of 1826 days from the date of the entry of the Order dismissing this case.

In support of this Motion to Dismiss, the U.S. Trustee would show the court as follows:

## JURISDICTION AND STATUTORY PREDICATE

1. The Court has jurisdiction of the matter pursuant to 28 U.S.C. § 1334(a) and (b); 28 U.S.C. § 157(a) and (b)(1); and 28 U.S.C. § 151.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).  This motion is filed pursuant to Fed. R. Bankr. P. 1017 and 11 U.S.C. §§ 105(a), 349(a), and 1307.

## PROCEDURAL BACKGROUND

2. This case was commenced with the filing of a voluntary pro-se petition under Chapter 13 of the Bankruptcy Code on January 9, 2023.

3. Previously, a pro-se case (1:22-bk-11301-NWW) was filed in the name of "Robert Clifford Newby, III" ("Mr. Newby") on June 21, 2022, under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division.  Mr. Newby is the husband of the Debtor.

4. On June 22, 2022, the Chapter 13 meeting of creditors was scheduled for July 26, 2022.  See 1:22-bk-11301-NWW, Dkt. No. 7.

5. On July 14, 2022, the Chapter 13 trustee filed a motion to convert the case to Chapter 7 due to Mr. Newby's lack of good faith related to his three prior pro-se cases (19-14044, 20-10250, and 20-12799 (dismissed with a one-year bar)) and his failure to make any payments in the current case.  See 1:22-bk-11301-NWW, Dkt. No. 13.

6. Mr. Newby failed to appear at his Chapter 13 meeting of creditors on July 26, 2022.

7. On July 26, 2022, the Chapter 13 trustee filed an objection to the confirmation of Mr. Newby's plan.  See 1:22-bk-11301-NWW, Dkt. No. 13.

8. On August 4, 2022, the Court granted the Chapter 13 trustee's motion to convert the case to Chapter 7.  See 1:22-bk-11301-NWW, Dkt. No. 18.  Jerrold D. Farinash was

appointed as the Chapter 7 trustee.

9. The Chapter 7 meeting of creditors was set for August 31, 2022.

10. On August 31, 2022, Mr. Newby failed to appear at his Chapter 7 meeting of creditors.

11. The Chapter 7 meeting of creditors was continued to September 19, 2022.

12. On September 19, 2022, Mr. Newby failed to appear at his continued Chapter 7 meeting of creditors.

13. The continued Chapter 7 meeting of creditors was continued again to November 16, 2022.

14. On September 19, 2022, Mr. Newby allegedly filed a motion to dismiss his case. *See* 1:22-bk-11301-NWW, Dkt. No. 40. Mr. Newby's motion to dismiss was set for hearing on October 27, 2022. *See* 1:22-bk-11301-NWW, Dkt. No. 42.

15. On September 26, 2022, the Chapter 7 trustee filed a Motion to Compel Debtor to File remaining Schedules and Attend a Meeting of Creditors. *See* 1:22-bk-11301-NWW, Dkt. No. 47. This motion was set for hearing on October 27, 2022.

16. On October 24, 2022, Mr. Newby allegedly filed a motion to postpone the October 27, 2022 hearing. *See* 1:22-bk-11301-NWW, Dkt. No. 54.

17. On October 27, 2022, the Court conducted a hearing on the Chapter 7 trustee's motion to compel, Mr. Newby's motion to dismiss, Mr. Newby's motion to postpone the hearing, and a creditor's motion for relief from the automatic stay. At the October 27, 2022 hearing, an individual appeared via telephone and made statements about a variety of matters. The individual was allegedly Mr. Newby. The individual was specifically asked by the Court about their identity. The individual claimed to

be Mr. Newby.  After the hearing, the Court entered an ordering compelling Mr. Newby to attend the Chapter 7 meeting of creditors on November 18, 2022, and compelled Mr. Newby to complete the required schedules by November 16, 2022.  *See* 1:22-bk-11301-NWW, Dkt. No. 71.  The Court also denied Mr. Newby's motion to dismiss and Mr. Newby's motion to postpone the hearing.  *See* 1:22-bk-11301-NWW, Dkt. Nos. 64 and 65.  The creditor's motion for relief was also continued to December 1, 2022.  *See* 1:22-bk-11301-NWW, Dkt. No. 59.

18. On November 14, 2022, Mr. Newby allegedly filed a second motion to dismiss his case along with several additional documents.  *See* 1:22-bk-11301-NWW, Dkt. No. 75.  The Court set Mr. Newby's second motion to dismiss for hearing on December 1, 2022.  *See* 1:22-bk-11301-NWW, Dkt. No. 76.

19. On November 17, 2022, Katherine Newby, the Debtor in this case, contacted the Chapter 7 trustee's office asking to speak with the Chapter 7 trustee prior to the second continued Chapter 7 meeting of creditors scheduled for November 18, 2022.

20. On November 18, 2022, the Debtor in this case, wife of Mr. Newby, presented herself to the Chapter 7 trustee's office to speak with the Chapter 7 trustee. After verifying her identification via Tennessee Driver's License, Amanda M. Stofan, attorney for the Chapter 7 trustee, held a meeting with the Debtor in this case. Jerrold D. Farinash appeared telephonically. Amanda M. Stofan and Rebecca Farinash Love appeared on behalf of the Chapter 7 trustee. The undersigned counsel appeared telephonically for the UST.

21. At this meeting, the Debtor in this case disclosed that she filed case no. 1:22-bk-11301-NWW as well as other prior cases in the name of Mr. Newby without the

4

consent or permission of Mr. Newby. Case no. 1:22-bk-11301-NWW was purportedly filed by the Debtor in this case to stop a foreclosure on their home. The Debtor in this case also indicated that as of November 18, 2022, Mr. Newby was unaware of the filing of case no. 1:22-bk-11301-NWW. The Debtor in this case further stated that she was the individual that appeared telephonically at the October 27, 2022 Court hearing wherein she falsely told the Court she was Mr. Newby. The Debtor in this case also confirmed that she impersonated her husband, Mr. Newby, in telephonic communications with the Chapter 7 trustee. The Debtor in this case also stated that she filed all the pleadings in case no. 1:22-bk-11301-NWW without Mr. Newby's knowledge or consent. Finally, the Debtor in this case stated that she had been intercepting mail from the Bankruptcy Court addressed to Mr. Newby.

22. On November 22, 2022, the UST filed a reply to Mr. Newby's second motion to dismiss wherein the Court was informed of the admissions made by the Debtor in this case. *See* 1:22-bk-11301-NWW, Dkt. No. 80.

23. On December 1, 2022, the Court conducted a hearing on Mr. Newby's second motion to dismiss and the UST's reply. Neither Mr. Newby nor the Debtor in this case appeared. After reviewing the UST's reply and the representations of counsel for the UST, the Court dismissed the case and declared the case null and void due to the conduct of the Debtor in this case. *See* 1:22-bk-11301-NWW, Dkt. No. 88.

## UST'S ALLEGATIONS

24. The UST seeks dismissal of this case with a bar to refiling due to the Debtor's conduct before the Bankruptcy Court in at least one prior case (1:22-bk-11301-NWW) wherein the Debtor knowingly and fraudulent filed a case in her husband's name without his

knowledge or consent. Further, the Debtor filed numerous documents in the prior case wherein Mr. Newby's signature was apparently forged. Finally, the Debtor impersonated her husband at the October 27, 2022 telephonic hearing after stating she was in fact Mr. Newby.

25. The UST would also allege the Debtor made several statements at the October 27, 2022 telephonic hearing that she either knew or should have known were false.

### DISMISSAL BASED ON 11 U.S.C. §§ 105, 349, and 1307

26. Section 105 outlines certain powers of the court and imposes upon the court a duty to uphold the provisions of the Bankruptcy Code in subsection (a) by authorizing the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a).

27. 11 U.S.C. § 1307(c)(1) states:

> Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—
> (1) unreasonable delay by the debtor that is prejudicial to creditors; …

11 U.S.C. § 1307(c)(1).

28. Based on the Debtor's admissions on November 18, 2022, the Debtor has made numerous misrepresentations and engaged in fraudulent conduct in case no. 1:22-bk-

11301-NWW. The Debtor's conduct is the definition of bad faith as the Debtor continually perpetuated false statement after false statement.

29. The Debtor's conduct is also an example of an abuse of the Bankruptcy system. The Debtor's delays, false statements, and false oaths all caused a drain on judicial resources and warrants a finding by this Court that this case was another example of a bad faith filing.

30. Finally, the U.S. Trustee is seeking dismissal of this case with a bar to refiling for a period of 1826 days from the date of the entry of the Order dismissing this case. Although dismissals under Section 349 of the Bankruptcy Code are generally without prejudice, a court has discretion to dismiss a case and impose a filing bar. *See*, e.g., *In re Cusano*, 431 B.R. 726, 737 (B.A.P. 6th Cir. 2010) (citations omitted) ("Where there is sufficient cause, bankruptcy courts have the authority pursuant to 11 U.S.C. §§ 105(a) and 349(a) to prohibit bankruptcy filings in excess of 180 days."); *In re Jones*, 289 B.R. 439, 440-42 (Bkrtcy. M.D. Ala. 2003) (5 year bar); *In re Johnson*, 281 B.R. 269, 270-71 (Bkrtcy. W.D. Ky. 2002) (dismissal with prejudice and 6 year bar); and *In re McCoy*, 237 B.R. 419 (Bkrtcy. S.D. Ohio 1999) (dismissal with prejudice, permanent refiling bar, and $1,000 sanction). *See also Dietrich v. Nob-Hill Stadium Props.*, 2007 WL 579547, at *5 (6th Cir. Feb. 15, 2007) ("We conclude that the plain language of section 349(a) appears to allow a bankruptcy court to dismiss a bankruptcy petition with prejudice, permanently, if there is sufficient cause."). In this case, dismissal alone is insufficient because of the nature of the Debtor's prior fraudulent conduct before the Bankruptcy Court. Allowing the Debtor to immediately file again only serves to reward the Debtor's abusive behavior; thus, a bar to refiling is appropriate.

WHEREFORE, the UST respectfully requests the Court (i) dismiss this case pursuant to 11 U.S.C §§ 105(a), 349(a), and 1307; (ii) bar the Debtor from refiling another case for 1826 days from the date of the entry of the Order dismissing this case; and (iii) order such further relief as may be just and proper.

PAUL A. RANDOLPH
Acting United States Trustee, Region 8

/s/ Nicholas B. Foster
Nicholas B. Foster
Trial Attorney, TN BPR 027230
U.S. Department of Justice
Office of the U.S. Trustee
31 East 11th Street, 4th Floor
Chattanooga, TN  37402
(423) 752-5566
Nick.Foster@usdoj.gov

## CERTIFICATE OF SERVICE

       I hereby certify that on January 12, 2023, a true and exact copy of the foregoing Motion to Dismiss with a bar to refiling, Certificate of Service, and Proposed Order, attached hereto, were sent by U.S. Mail properly addressed with correct postage for First Class Mail or by electronic mail to the parties listed below.

KATHERINE DENISE NEWBY
PO Box 609
Spring City, TN 37381

KATHERINE DENISE NEWBY
208 Holiday Point Drive
Spring City, TN 37381
*Debtor*

Gwendy Kerney
*Trustee*

                                                               /s/ Nicholas B. Foster